214

**No. 53746.**—The Phillipson Fur Co. *v.* United States, protest 134168–K/1365 (Chicago).

Opinion by MOLLISON, J.  When the case was called for trial the examiner who passed the skins in question testified that the six skins were similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388).  The claim for free entry under paragraph 1681 was therefore sustained.

COLE, J., concurring.

**No. 53747.**—D. N. Hatton & Co. et al. *v.* United States, protests 759334–G, etc. (Los Angeles).

Opinion by MOLLISON, J.  When the case was called for trial counsel for the plaintiffs offered in evidence the special report of the appraiser in protests 759334–G, 759335–G, and 845923–G, and a Government chemist's report in protest 60688–K.  On each of the reports the merchandise was described as "kelp meal." It was held that the merchandise in question consists of kelp meal, a form of kelp, and following *Centennial Flouring Mills Co. et al.* v. *United States* (29 C. C. P. A. 264, C. A. D. 200), the claim for free entry under paragraph 1705 was sustained.

COLE, J., concurring.

**No. 53748.**—Saito Trading Co. *v.* United States, protest 793208–G (Seattle).

Opinion by MOLLISON, J.  When the case was called for trial, counsel for the plaintiff called the court's attention to the fact that transmitted with the official papers was a so-called "Appraiser's Report" wherein the merchandise was described as "kelp meal."  Counsel for the Government moved in evidence the collector's letter transmitting the protest to the court.  The collector likewise described the merchandise as "kelp meal."  Since both the appraiser and collector considered the imported material to be kelp meal, a form of kelp, the claim for free entry under paragraph 1705 was sustained, following *Centennial Flouring Mills Co. et al.* v. *United States* (29 C. C. P. A. 264, C. A. D. 200).  *United States* v. *Geo. S. Bush & Co., Inc., et al.* (35 C. C. P. A. 124, C. A. D. 381) cited.

COLE, J., concurring.

BEFORE THE SECOND DIVISION, NOVEMBER 29, 1949

**No. 53749.**—Pan American Import & Export Co. *v.* United States, protest 149403–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 53750.**—Simon Import Corp. *v.* United States, protests 145274–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 53751.**—Fuchs Shoe Corporation *v.* United States, protest 150586–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 53752.**—American Rug & Carpet Co., Inc., et al. *v.* United States, protests 135302–K, etc. (New York).

Opinion by FORD, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, NOVEMBER 29, 1949

**No. 53753.**—Winsor & Newton, Inc., et al. *v.* United States, protests 63251–K, etc. (New York).